## G. A. GROSS, ET AL. *v.* A. HOUCHIN.

[Abstract Kentucky Law Reporter, Vol. 6—439.]

**Breach of Warranty.**

> One who accepts a deed of general warranty and takes possession under it can not resist the payment of the purchase money, except in case of an allegation in his answer that his grantor is insolvent.

**Possession of a Tenant in Common.**

> The continued possession of one tenant in common can not be relied upon as adverse to the other tenants, for in such a case the possession of one tenant in common is the possession of all of them.

APPEAL FROM EDMONSON CIRCUIT COURT.

December 9, 1884.

OPINION BY JUDGE HOLT:

The deed from the appellee Houchin to the appellant Gross expressly excepted the undivided interest of Harriett Ray, and did not convey it, and the appellant Gross is now resisting the payment of the balance of the purchase money owing by him to the appellee for the remaining undivided interests upon the ground that the appellee did not own them; while the appellant Parrish claims three undivided eighths of the land.

It was formerly the dower land of Lucy Brown, the widow of John T. Brown, and subject to her life estate belonged to their eight children.

The appellee having made the appellant Gross a deed containing a covenant of general warranty, and the latter having accepted it and being in possession under it, could not resist the payment of the purchase money, save for the undenied allegation in his answer that the appellee is insolvent.

The appellants in their original answers asserted that the appellee did not own two of the seven-eighths which he had sold the appellant Gross, to wit: the interests of L. W. and Harrison Brown.

By amended pleadings they alleged that he did not own the interest of Calvin Brown, but admitted that he did own the seven interests, save the three named.

The appellant Parrish claims the latter by virtue of a deed made to him by L. W. Brown individually and as the attorney of Harrison Brown on March 27, 1865.

It appears that many years before Calvin Brown, when under age, had by bond, sold his interest in the land to the appellee, and Calvin having died, the appellee brought an action in the proper court against his heirs for a title; and on October 2, 1868, obtained a commissioner's deed to it. No part of the record of the suit is a part of the record of this suit, save said deed.

It must be presumed, however, after such a lapse of time that such a state of case was shown, as authorized the making of the deed.

The deed from L. W. Brown to the appellant Parrish, of March 27, 1865, did not convey the interest of Calvin Brown. He is not named in it as a grantor; L. W. Brown did not unite in or acknowledge it as his attorney, and in no view can it be held to have conveyed his interest in the land.

His title therefore at his death vested in his heirs, and they were divested of and the appellee invested with it by the commissioner's deed.

The judgment below must be reversed however whether the appellant Parrish owns the two interests of L. W. and Harrison Brown or not.

The appellee admits he never bought them, but says that they were not conveyed to Parrish by the deed of March 27, 1865; that said two children died unmarried and intestate, leaving Harriett Ray, Mary Wingfield and appellee's wife as their only heirs; that he did not convey Mrs. Ray's interest to Gross, and had the title to all he did convey as he had purchased Mrs. Wingfield's interest, while his wife, who united in the deed to Gross, owned the remaining one.

An inspection, however, of the deed to him from Wingfield and wife, made on December 17, 1870, shows that she only conveyed the one-eighth interest originally owned by her as an heir of John T. Brown.

The title, therefore, which the appellee purported to convey to the appellant Gross is in any view of the case defective. The inter-

ests of L. W. and Harrison Brown belong either to the appellant Parrish or to Mrs. Ray, Mrs. Wingfield and the appellee's wife, and (being undivided and it not being known where they will be alloted their ownership by the appellant Gross) is the more important to him.

The deed, therefore, by the appellee to the appellant Gross must be cancelled and such orders and judgments be rendered by the lower court as will restore each of them as nearly as possible to their former condition.

The question of ownership of the L. W. and Harrison Brown interests is difficult of solution, owing to the meager character of the record.

Their heirs, however, are not asserting claim to them, save so far as the appellee's wife may be considered as doing so through her husband. The continued possession by the appellee can not be relied on by him as against Parrish provided the latter was a joint owner because in such a case the possession of one is as that of both.

A proper construction of the deed to the appellant Parrish of March 27, 1865, can not perhaps be had from the instrument itself.

The granting part of it seems to convey only the interest of Harrison Brown, yet L. W. Brown not only signed it as his attorney, but also signed and acknowledged it as an individual. The habendum clause says: "The above survey as made by L. W. Brown includes 18 acres, to Harrison Brown, 18 acres to L. W. Brown and the undivided interest of Calvin Brown in J. T. Brown's estate, more or less."

The record does not disclose how much land there is in the boundary described in the deed, but as it recites that it includes the land above named we may perhaps fairly infer that it also included other land or the undivided interests of L. W. and Harrison Brown in the dower land.

Parol evidence is competent to show the circumstances under which the deed was made, and thus aid in its construction; and the object of all rules of construction is to ascertain the intention of the parties to the instrument.

The power of attorney from Harrison Brown to L. W. Brown authorized the latter to sell all the former's interest in his father's lands; and in the light of all the contemporaneous facts we conclude

that it was the intention to convey by the deed to Parrish the interest of L. W. and Harrison Brown in the dower land.

The deed is to be construed most favorably to the grantee, and the parol testimony (which is certainly competent in view of the allegation in the pleadings that if the deed did not embrace the interest of the grantors in the dower land, it was omitted by mistake) sustains our conclusion, and shows that the sale did embrace it, and that it rightfully belongs to the appellant Parrish and that the interests of L. W. and Harrison Brown should be adjudged to him.

Judgment *reversed* and cause remanded for further proceedings in conformity to this opinion.

*L. M. Hazelip, for appellants.*

[Cited in *Slusher v. Slusher,* 31 Ky. L. 575.]